NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12302

COMMONWEALTH  vs.  PETER J. DUART.

Dukes.     May 4, 2017. - August 17, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, Budd, & Cypher, JJ.

Judge.  Practice, Criminal, New trial, Disqualification of judge, Assistance of counsel.

Indictments found and returned in the Superior Court Department on April 5, 2010.

A motion for a new trial, filed on February 18, 2015, was heard by Charles J. Hely, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

Afton M. Templin for the defendant.
Elizabeth A. Sweeney, Assistant District Attorney, for the Commonwealth.

HINES, J.  Following a jury-waived trial in the Superior Court, the defendant, Peter Duart, was convicted of rape, subsequent offense, G. L. c. 265, § 22 (b); and indecent assault and battery on a person age fourteen or older, as a lesser

included offense of assault and battery on a person with an intellectual disability.[1]  The judge sentenced the defendant to from ten years to ten years and one day in State prison on the rape and subsequent offender convictions, and to a probation term of three years on the indecent assault and battery conviction.

In a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), the defendant challenged the convictions on the grounds that (1) his jury waiver was neither knowing nor intelligent because the trial judge did not disclose that his son was employed as an assistant district attorney in the office of the district attorney for the Cape and Islands district, which prosecuted the indictments; and (2) defense counsel was constitutionally ineffective in failing to disclose the judge's relationship to the prosecutor's office in counsel's advice on the strategic choice to waive the right

---

[1] The indictment charged indecent assault and battery on a "mentally retarded" person, subsequent offense, in violation of G. L. c. 265, § 13F.  On November 2, 2010, the Legislature amended G. L. c. 265, § 13F, substituting the terms "mentally retarded person" with "person with an intellectual disability" and "be mentally retarded" with "have an intellectual disability," in order to eradicate the term "mentally retarded" from the General Laws.  See Commonwealth v. St. Louis, 473 Mass. 350, 351 (2015), citing St. 2010, c. 239, §§ 71-72.  Although the amended version was not in effect when the defendant was indicted, we nevertheless use the terms "person with an intellectual disability" and "have an intellectual disability" here.

to a trial by jury. A different judge held an evidentiary hearing and denied the motion in a written decision. The defendant filed a timely appeal, and we transferred the case to this court on our own motion.

We conclude that the trial judge's failure to inform the defendant of his familial relationship with a member of the prosecuting attorney's office during the jury-waiver colloquy was not error, and thus the denial of the defendant's motion for a new trial on this ground was not an abuse of discretion. As to the defendant's claim of ineffective assistance of counsel, we conclude that although defense counsel's failure to inform the defendant of the trial judge's familial relationship with a member of the prosecuting attorney's office constituted behavior "falling measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), counsel's failure to do so was not prejudicial. Therefore, we affirm the denial of the defendant's motion for a new trial.

Background. We summarize the relevant facts on the motion for a new trial as found by the motion judge, supplemented as necessary with uncontested facts from the motion hearing. See Commonwealth v. Stephens, 451 Mass. 370, 372 (2008). In April, 2010, the defendant was indicted by a Dukes County grand jury on charges of indecent assault and battery on a person with an

intellectual disability, subsequent offense, G. L. c. 265, § 13F; and rape, subsequent offense, G. L. c. 265, § 22 (b). The alleged offenses occurred at the victim's apartment in the early morning hours of January 30, 2010.

Prior to trial, the defendant filed a motion for a change of venue, which the Commonwealth joined, predicated on the concern that the defendant could not receive a fair trial from a Dukes County jury. Specifically, the defendant contended there would be a "serious risk" that some of the jurors would have knowledge of the defendant's previous conviction, which had garnered substantial news media attention and notoriety on Martha's Vineyard, where the new indictments were set to be tried. The judge denied the motion without prejudice, noting that he would be willing to reconsider the order if seating a jury became "impractical."

In light of the denial of the defendant's motion for a change of venue, defense counsel discussed with the defendant the possibility of waiving his right to a trial by jury. Following consultation with his attorney, and at the defendant's request, the judge held a jury-waiver colloquy with the defendant on October 4, 2010. During the colloquy, the defendant indicated that he had had sufficient time to consider the waiver, and signed and filed a written waiver of trial by jury. The judge accepted the waiver, concluding that it was

made intelligently and with knowledge of its consequences. The jury-waived trial commenced before the judge on October 5, 2010, and concluded on October 6, 2010.

At the conclusion of the trial, the judge found the defendant guilty of rape and guilty of the subsequent offender portion of the indictment. With respect to the charge of indecent assault and battery on a person with an intellectual disability, subsequent offense, the judge found the defendant guilty of the lesser included offense of indecent assault and battery. The defendant appealed from his convictions, which were affirmed by the Appeals Court in an unpublished memorandum and order pursuant to its rule 1:28, with the exception of a remand to the Superior Court requiring the trial judge to issue a more definitive order regarding sex offender treatment. See Commonwealth v. Duart, 82 Mass. App. Ct. 1121 (2012). Thereafter, the defendant filed a motion for a new trial, which is the subject of this appeal.

Before the trial judge ruled on the motion for a new trial, the defendant filed, on August 12, 2013, a motion for recusal and, on September 26, 2013, a motion for leave to file a substitute motion for a new trial, arguing that he had just learned that the trial judge's son was an assistant district attorney in the Cape and Islands district. The trial judge granted the motion for leave to file a substitute motion for a

new trial and, after a hearing, also granted the motion for recusal, concluding that although he harbored no bias against the defendant and remained convinced that the defendant received a fair trial, he would recuse himself from consideration of the defendant's motion to "assure that any appearance of partiality is avoided." Consequently, another Superior Court judge (motion judge) was assigned to hear the defendant's motion for a new trial.

At the hearing on the defendant's motion for a new trial before the motion judge, the trial judge's son, defense counsel for the defendant, and the defendant testified. In a written order, the motion judge found that defense counsel had "great faith and confidence" that the trial judge would be fair and impartial in a jury-waived trial for the defendant, and conveyed these sentiments to the defendant during their conversations regarding the possibility of a jury waiver. The motion judge also found that defense counsel was aware that the trial judge's son was an assistant district attorney in the Cape and Islands district,[2] which prosecuted cases in Barnstable, Dukes, and Nantucket Counties. Despite the trial judge's son's employment as an assistant district attorney, defense counsel remained

---

[2] The trial judge's son resigned from the office of the district attorney for the Cape and Islands district in July, 2011, to enter private practice.

confident that the trial judge would be fair and impartial in a jury-waived trial. The defendant denied having knowledge of the trial judge's son's employment prior to waiving his right to a trial by jury, but the motion judge concluded that there was insufficient evidence to determine whether the defendant in fact knew of the trial judge's son's employment at the time of his jury waiver.

During his employment in the Cape and Islands district, the trial judge's son had no involvement with the defendant's case. His case assignments were limited to the District Court in Barnstable and Nantucket Counties, with the addition of some appeals. Because of the trial judge's assignment in Dukes County, his son made a point to refrain from working on any Superior Court criminal cases prosecuted in Dukes County.[3] Moreover, the trial judge's son did not have any supervisory role in the office during his employment.

Ultimately, the motion judge denied the defendant's motion for a new trial, concluding that the "defendant's jury waiver and trial did not present an issue of whether the [trial] judge's impartiality might reasonably be questioned." For this

---

[3] During the time period of the defendant's trial, the Superior Court in Dukes County commonly held only two one-month, one-judge trial sessions per year. Similar to other judges, the trial judge on occasion was assigned to a one-month Dukes County trial session.

reason, the trial judge was not under any obligation to disclose to the defendant that his son was employed as an assistant district attorney in the same district. The motion judge also rejected the defendant's claim of ineffective assistance of counsel, concluding that because the trial judge's son's employment as an assistant district attorney was limited to counties where his father was not assigned, the issue did not present a reasonable, objective basis for questioning the trial judge's impartiality. Thus, defense counsel's failure to raise the issue with the defendant did not fall outside "the range of reasonable, competent representation." The motion judge determined that defense counsel's performance was not inadequate, but nonetheless went on to consider and summarily reject the claim of prejudice, concluding that the defendant failed to show that counsel's advice deprived him of a substantial ground of defense.

Discussion. 1. Standard of review. A judge may grant a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b) "if it appears that justice may not have been done." Commonwealth v. Moore, 408 Mass. 117, 125 (1990). Such motion "is addressed to the sound discretion of the judge" Id. Therefore, we review the denial of a motion for a new trial for "a significant error of law or other abuse of discretion." Commonwealth v. Forte, 469 Mass. 469, 488 (2014), quoting Commonwealth v. Grace, 397

Mass. 303, 307 (1986). In particular, we "accept[] the motion judge's findings of fact, made after an evidentiary hearing, if they are supported by the record, . . . and defer[] to the judge's assessments of credibility" (citation omitted). Commonwealth v. Cadet, 473 Mass. 173, 179 (2015). The discretion afforded to the motion judge, however, is not "boundless and absolute." Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting Commonwealth v. Genius, 402 Mass. 711, 714 (1988). "Under the abuse of discretion standard, the issue is whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives.'" Kolenovic, supra, quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

2. Judicial disclosure. The motion judge concluded that the judge's son's employment with the Cape and Islands district, without more, did not provide a basis upon which the judge's impartiality reasonably could be questioned and, thus, did not require disclosure to the defendant in advance of his jury waiver. Under the relevant canons of the Code of Judicial Conduct and commentary then in effect, we agree.

Among the vital rights provided by art. 29 of the Massachusetts Declaration of Rights is the "the right of every citizen to be tried by judges as free, impartial and independent

as the lot of humanity will admit."  A defendant's right to an impartial judge is affirmed in the Code of Judicial Conduct, S.J.C. Rule 3:09, Canon 3 (E) (1), as appearing in 440 Mass. 1301 (2003), which provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."  Conversely, where such impartiality may not be reasonably questioned, the Commentary to Canon 3 (E) (1) makes clear that "a judge may, but is not required, to disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification."[4]  See Commonwealth v. Leventhal, 364 Mass. 718, 725 (1974) ("[J]udge was under no obligation to make any disclosure to counsel unless he thought his impartiality might reasonably be questioned").  The motion judge correctly assessed that the trial judge was under no obligation to disclose the relationship with his son because it

---

[4] We note that while the trial judge's lack of disclosure was appropriate under S.J.C. Rule 3:09, Canon 3 (E) (1), as appearing in 440 Mass. 1301 (2003), which was in effect at the time, amendments to the rules were adopted on October 8, 2015, and became effective on January 1, 2016.  Among the amendments, the 2016 rules recommend broader judicial disclosure.  In particular, the Commentary to S.J.C. Rule 3:09, Canon 2.11 (A), formerly S.J.C. Rule 3:09, Canon 3 (E) (1), recommends that a judge "disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification."  We do not address whether, in these circumstances, a judge would have an obligation of disclosure under the 2016 rules.

did not reasonably call into question his impartiality or otherwise require disqualification or recusal in the defendant's trial.

We consistently have held that "[i]n general, the question of disqualification is left to the judge's discretion." Commonwealth v. Gogan, 389 Mass. 255, 259 (1983), and cases cited. Thus, we may disturb a judge's decision on recusal only if there is an abuse of discretion. See Haddad v. Gonzalez, 410 Mass. 855, 862 (1991). Here, the trial judge's son had no involvement in the defendant's case, and in fact did not handle any criminal cases prosecuted in the Superior Court in Dukes County, where his father was assigned. Rather, his caseload was limited to criminal cases in Barnstable and Nantucket Counties, and some appellate cases. Moreover, the trial judge's son did not serve in a supervisory capacity at the district attorney's office such that his oversight responsibilities may have extended to cases prosecuted in Dukes County. On these facts, we discern no basis to hold that the judge abused his discretion in failing to disclose his relationship to an attorney in the district attorney's office.

Likewise, the circumstances here do not fit within one of the enumerated instances requiring recusal under S.J.C. Rule 3:09, Canon 3 (E) (1). Although not binding on this court, we find persuasive Opinion No. 2001-16 (Nov. 16, 2001) of the

Committee on Judicial Ethics (committee) -- on which the trial judge relied in his order on the defendant's motion for judicial recusal -- addressing an issue nearly identical to the issue presented here.  The committee explained that the "mere fact" that the judge's son was employed in the district attorney's office did not require recusal from criminal cases in which other attorneys from that district attorney's office appeared. Id.  See Commentary to S.J.C. Rule 3:09, Canon 3 (E) (1) ("A judge is not necessarily disqualified if a lawyer in a proceeding is affiliated with a legal organization with which the spouse or a relative of the judge is affiliated).

Our conclusion today is also consistent with numerous other jurisdictions deciding this issue.  See, e.g., Adair v. State, 474 Mich. 1027, 1029-1030 (2006) (concluding recusal policy "that no judge can hear any case in which a party is represented by a law firm or a prosecutor's office in which a relative of that judge is employed, even if that relative has no personal involvement in the case and stands to gain nothing materially by its outcome . . . constitutes an unfair and unwise policy"). See also State v. Logan, 236 Kan. 79, 87-89 (1984); State v. Fero, 105 N.M. 339, 342-343 (1987); State v. Harrell, 199 Wis. 2d 654, 659-660 (1996), and cases cited.

Accordingly, the motion judge's denial of the motion for a new trial on this ground did not constitute an abuse of discretion.

3.  Ineffective assistance of counsel.  The defendant next argues that the trial judge erred in denying his motion for a new trial on the ground of ineffective assistance of counsel. The motion was predicated on defense counsel's failure to disclose to the defendant the trial judge's familial relationship with an assistant district attorney in the Cape and Islands district, prior to the jury-trial waiver colloquy.

Where the defendant seeks a new trial on the basis of ineffective assistance of counsel, he must demonstrate that "there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence."  Saferian, 366 Mass. at 96.

a.  Representation fell measurably below that which might be expected from an ordinary fallible lawyer.  A defendant's right to a trial by jury "is preserved as a basic and fundamental right in our judicial system."  Commonwealth v. Osborne, 445 Mass. 776, 780 (2006), citing art. 12 of the Massachusetts Declaration of Rights.  Ultimately, the "decision

regarding waiver of the jury" must be made by the defendant, not his or her counsel, Osborne, supra at 781, and must be the "exercise of a free and intelligent choice." Adams v. United States ex rel. McCann, 317 U.S. 269, 275 (1942). See Ciummei v. Commonwealth, 378 Mass. 504, 507 (1979) ("a conviction cannot stand which follows upon a jury waiver that is not freely and knowingly given"). To protect this fundamental right, our cases have emphasized the importance of the jury-trial waiver colloquy, wherein the judge must not only "advise the defendant of his constitutional right to a jury trial," but also "satisfy himself that any waiver by the defendant is made voluntarily and intelligently." Id. at 509. Whether a defendant has conferred with his counsel about the waiver is one of the considerations relevant to the judge's determination. Id. This suggests that communication with defense counsel is critical to the defendant understanding the nature of the right that he is giving up and to his "mak[ing] an over-all estimate as to where he will fare better, before a judge or before a jury." Commonwealth v. Dietrich, 381 Mass. 458, 461-462 (1980), quoting H. Kalven & H. Zeisel, The American Jury 28 (1966). "[A]n intelligent waiver does not require that the accused have the skill or knowledge of a lawyer"; rather, "the defendant, being competent, must simply have indicated a comprehension of the nature of the choice."

Ciummei, 378 Mass. at 510, quoting Maynard v. Meachum, 545 F.2d 273, 279 (1st Cir. 1976).

To ensure that the defendant understands the nature of the choice, counsel must communicate information within his or her knowledge that is relevant to, or bears on the defendant's choice to waive the right to a jury trial. More specifically, to the extent that counsel possesses information germane to the question of judicial disqualification, regardless of whether a genuine basis for disqualification exists, it is incumbent on counsel to convey that information so as to allow the defendant to raise and discuss any concerns that he or she might have. To be clear, our holding does not create an obligation for counsel to investigate the presiding judge, as it would unduly encumber defense counsel and encourage unwarranted suspicion of the judiciary. But where defense counsel already has information about the trial judge that reasonably could bear on a right as fundamental as the right to a jury trial, defense counsel has an obligation to disclose the information to his or her client.

Unlike the trial judge, who, under the canons of the Code of Judicial Conduct then in effect, was under no obligation to disclose his familial relationship with a member of the office of the district attorney for the Cape and Islands district, Rules 1.2 and 1.4 of the Massachusetts Rules of Professional Conduct require that an attorney fully advise and assist the

client in making decisions that ultimately must be made by the client himself or herself, including the decision to waive a jury trial.  See Mass. R. Prof. C. 1.2, as appearing in 471 Mass. 1313 (2015); Mass. R. Prof. C. 1.4, as appearing in 471 Mass. 1319 (2015).  Moreover, "[i]n determining the level of performance required of an ordinary fallible lawyer, we look to the 'professional standards of the legal community.'" Commonwealth v. Lavrinenko, 473 Mass. 42, 51 (2015), quoting Commonwealth v. Clarke, 460 Mass. 30, 45 (2011).  Thus, it is notable that the Committee for Public Counsel Services performance standards governing the representation of indigent individuals in criminal cases mandates that "[t]he attorney shall explain to the client those decisions that ultimately must be made by the client and the advantages and disadvantages inherent in those choices."  Committee for Public Counsel Services, Assigned Counsel Manual, c. 4, at § I(C)(6) (Oct. 2011).[5]  See Commonwealth v. Myers, 82 Mass. App. Ct. 172, 181 n.12 (2012), citing Standard 4-5.2 of the ABA Standards for Criminal Justice:  Control and Direction of the Case (3d ed. 1993) (noting that "decisions which are to be made by the

---

[5] https://www.publiccounsel.net/private_counsel_manual /CURRENT_MANUAL_2012/MANUALChap4CriminalStandards.pdf [https://perma.cc/9MBW-E7FB].

accused <u>after full consultation with counsel</u>" include whether to waive trial by jury [emphasis added]).

Here, defense counsel knew of the trial judge's son's employment in the office of the district attorney for the Cape and Islands district. The defendant denied that he was aware that the trial judge's son was employed as an assistant district attorney in that office. The motion judge found the evidence insufficient to determine whether the defendant knew of the judge's son's employment at the time of the jury waiver. Even though defense counsel's knowledge of the trial judge's son's employment as an assistant district attorney did not affect counsel's own confidence that the trial judge would be a fair and impartial fact finder, the decision whether the defendant's "interests [were] safer in the keeping of the judge than of the jury," <u>Adams</u>, 317 U.S. at 278, was for the defendant, and the defendant alone, to make based on his <u>informed</u> and competent judgment. Accordingly, we conclude that defense counsel's failure to inform the defendant of the trial judge's son's employment as an assistant district attorney in the office of the district attorney for the Cape and Islands district constituted "behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer." <u>Saferian</u>, 366 Mass. at 96.

b.  _Prejudice_.  We next determine whether defense counsel's performance inadequacy caused the defendant to suffer prejudice. See _Saferian_, 366 Mass. at 96.  To make this determination, we draw on our cases addressing claims of ineffective assistance in the context of immigration consequences of a guilty plea.  To satisfy the "prejudice" requirement in cases such as this, "the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors,'" he would not have waived his right to being tried by a jury.  See _Lavrinenko_, 473 Mass. at 55, quoting _Clarke_, 460 Mass. at 47. "At a minimum, this means that the defendant must aver that to be the case." _Lavrinenko_, _supra_, quoting _Clarke_, _supra_.  The defendant also "bears the substantial burden" of "convinc[ing] the court" that a decision to exercise his right to a jury trial "would have been rational under the circumstances." _Lavrinenko_, _supra_ at 55-56, quoting _Clarke_, _supra_.  Finally, based on the motion judge's evaluation of the facts, including the credibility of the defendant and other witness, "[t]he judge must determine . . . whether there is a reasonable probability that a reasonable person in the circumstances of the defendant would have chosen [a jury trial] had he or she received constitutionally effective advice from his or her criminal defense attorney."  _Lavrinenko_, _supra_ at 55.

Here, the defendant averred in an affidavit accompanying the motion for a new trial that had he known of the relationship between the trial judge and an assistant district attorney in the prosecuting district attorney's office, he would not have opted for a jury-waived trial and, instead, "would have made different strategic decisions." During his testimony at the hearing on the motion for a new trial, the defendant reiterated this point.

Weighing against the defendant's assertion that he would have chosen a jury trial had he been effectively advised, however, is the defendant's concern prior to trial that he would not receive a fair trial from a Dukes County jury. This concern was concrete enough to cause the defendant to file a motion for a change of venue, which the Commonwealth joined, and was well founded considering that the defendant's previous 2004 rape conviction on Martha's Vineyard had a level of notoriety and that the defendant -- an elected member of the planning board and the finance and advisory committee of Martha's Vineyard, a former football coach, and former manager of the largest grocery store on the island -- was well known on the island. Additionally, the 2004 rape conviction was for the same charge of indecent assault and battery on a person with an intellectual disability and in the same county, and the defendant was a registered sex offender in the town of Tisbury at the time of

his arrest for this offense.  Furthermore, determining whether a potential juror knew about and would be biased by the defendant's 2004 rape conviction might have been difficult to determine during voir dire of the potential jurors.  As the motion judge correctly pointed out, voir dire of the jury would not necessarily prompt the juror's memories of the defendant's 2004 rape case.  Given these facts, we are not convinced that there is a "reasonable probability" that "a reasonable person in the circumstances of the defendant would have chosen [a jury trial] had he . . . received constitutionally effective advice" from his counsel.  Lavrinenko, 473 Mass. at 55.  Accordingly, we conclude that the defendant did not suffer prejudice from defense counsel's inadequate performance.

Conclusion.  For the foregoing reasons, the order denying the defendant's motion for a new trial is affirmed.

So ordered.