The defendant was convicted of negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24(2)(a ), and now appeals from the denial of her motion for new trial.[2] Her principal claim is that G. L. c. 90, § 24(2)(a ), is unconstitutionally vague. We affirm.
Background. We summarize the relevant facts as the jury could reasonably have found them. On December 18, 2014, a Weymouth police officer observed a Toyota 4Runner driving northbound on Route 3A, a heavily-traveled four-lane road. He witnessed the car swerve back and forth, cross the double yellow center line, and at one point, abruptly move from the left lane all the way over to the right lane, nearly striking the curb, before moving back to the left. As there were other vehicles traveling on the road, the officer feared that the 4Runner might cause an accident; accordingly, he activated his cruiser lights and pulled it over. When he approached the car, he detected a strong odor of alcohol. He testified that the defendant's "speech was slurred and thick-tongued" and that "her eyes were glassy and bloodshot." Suspecting that the defendant was under the influence of alcohol, the officer asked her if she would consent to field sobriety tests. When the defendant performed these tests unsatisfactorily, the officer formed the opinion that she was intoxicated and arrested her.
The defendant was charged with operating under the influence of alcohol (OUI), in violation of G. L. c. 90, § 24(1)(a )(1) ; negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24(2)(a ) ; and a marked lanes violation, in violation of G. L. c. 89, § 4A. A District Court jury acquitted the defendant of the OUI charge, but convicted her of negligent operation of a motor vehicle.[3] The trial judge also found the defendant responsible for a marked lanes violation. The defendant appealed her conviction and filed a motion for new trial, arguing that the negligent operation statute is unconstitutional and that the jury instructions given at trial were erroneous. The motion judge, who was also the trial judge, denied the motion after a hearing. The defendant appealed.
Discussion. In reviewing the denial of a motion for new trial, we look to see whether the motion judge committed "a significant error of law or other abuse of discretion." Commonwealth v. Duart, 477 Mass. 630, 634 (2017), quoting from Commonwealth v. Forte, 469 Mass. 469, 488 (2014). We give "special deference to the action of a motion judge who was also the trial judge." Commonwealth v. Grace, 397 Mass. 303, 307 (1986).
A conviction of negligent operation of a motor vehicle requires the Commonwealth to "prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). The defendant takes issue with the third element, arguing that the determination of what sort of conduct might endanger the public permits arbitrary enforcement and is too vague to put an ordinary person on notice of what is proscribed. Specifically, she contends that the statute should require that the operation occur in proximity to the public; otherwise, she maintains, the line between civil traffic infractions and violations of G. L. c. 90, § 24(2)(a ), cannot be drawn with adequate certainty.[4]
"A penal statute must 'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.' " Commonwealth v. Williams, 395 Mass. 302, 304 (1985), quoting from Kolender v. Lawson, 461 U.S. 352, 357 (1983). However, a statute's language "need not be afforded 'mathematical precision' in order to pass constitutional muster." Commonwealth v. St. Louis, 473 Mass. 350, 355 (2015), quoting from Commonwealth v. Reyes, 464 Mass. 245, 249 (2013). A statute is not void for vagueness "if it requires a person to conform [her] conduct to an imprecise but comprehensible normative standard." Commonwealth v. McGhee, 472 Mass. 405, 414 (2015), quoting from Commonwealth v. Orlando, 371 Mass. 732, 734 (1977).
In rejecting a vagueness challenge to an earlier version of G. L. c. 90, § 24, the Supreme Judicial Court held that the language, "[w]hoever upon any way ... operates a motor vehicle so that the lives or safety of the public might be endangered," was sufficiently precise to define the crime. Commonwealth v. Pentz, 247 Mass. 500, 506 (1924). The court ruled that operating a vehicle "so as not to endanger the lives or safety of the public is the description of a fact," and noted that "[w]hile it may not be easy to formulate in words a comprehensive definition of that fact applicable to all cases, it is not difficult to comprehend with some approach to accuracy the thought conveyed by the description of that fact." Id. at 506-507.
Subsequently, this court held that the term "negligently" in G. L. c. 90, § 24G, a motor vehicle homicide statute, was not unconstitutionally vague as it "provides a person of ordinary intelligence with sufficient notice of that conduct which is prohibited." Commonwealth v. Burke, 6 Mass. App. Ct. 697, 700 (1978). That statute "is modelled closely after" and criminalizes the same conduct as the negligent operation statute, but with the added requirement that the conduct cause the death of another person. Id. at 699-700. See Commonwealth v. Jones, 382 Mass. 387, 392 (1981). We are therefore confident that § 24(2)(a ), which simply modifies the phrase "so that the lives or safety of the public might be endangered" (upheld in Pentz ) with the requirement of operating a vehicle "negligently" (upheld in Burke ), is not unconstitutionally vague under the standards discussed above.
The defendant argues that the statute requires, or "should" require, proof of operation in proximity to the public; she mistakenly assumes that something closer to the elements for a cause of action under tort law (i.e., more potential for causing immediate damage or injury) should be required to establish a criminal offense. Our cases have consistently held that the statute does not require proximity to the public, as "it is the operation of the vehicle itself that is the crime." Commonwealth v. Constantino, 443 Mass. 521, 526 (2005). "The statute only requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did." Commonwealth v. Jewett, 471 Mass. 624, 630 (2015), quoting from Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007). "[T]he Legislature has great latitude to determine what conduct should be regarded as criminal and to prescribe penalties to vindicate the legitimate interests of society." Commonwealth v. Jackson, 369 Mass. 904, 909 (1976). One chief purpose of § 24(2)(a ) is to protect the public from negligent drivers, see Commonwealth v. Campbell, 475 Mass. 611, 618-619 (2016), and the Legislature may do so by authorizing punishment of such drivers without waiting for their negligent operation to result in an accident or even a near miss.
We reject the defendant's contention that the statute is impermissibly vague merely because the same conduct could result in a civil infraction. She cites no authority for the proposition that the Legislature cannot make the same conduct the subject of both civil and criminal prohibitions, let alone that doing so creates a constitutional vagueness problem. See generally Cambridge v. Phillips, 415 Mass. 126, 127-130 (1993) (no vagueness problem in allowing police to choose between issuing warning and issuing citation for traffic infraction, even if citation process were treated as criminal).
The defendant finally argues that the judge erred in failing to instruct the jury that negligent operation requires proximity to endangerment of others.[5] Because, as we have discussed, the statute contains no proximity requirement, this claim similarly lacks merit.
Judgment affirmed.
Order denying motion for new trial affirmed.

The defendant also appeals from her conviction, but makes no separate argument contesting its validity.

The parties' briefs present differing arguments concerning the extent to which evidence of a defendant's consumption of alcohol may be taken into account on a negligent operation charge where that defendant has been acquitted of operating under the influence. See Commonwealth v. Ross, 92 Mass. App. Ct. 377, 380 (2017). Because this question does not bear on whether the negligent operation statute is unconstitutionally vague, we do not discuss it further. To the extent the defendant intends her argument, which appears only in her reply brief, as a challenge to the sufficiency of the evidence supporting her conviction, she may not raise that argument for the first time in a reply brief. See Commonwealth v. Keevan, 400 Mass. 557, 562 n.4 (1987).

As the defendant failed to raise this argument in a pretrial motion to dismiss, and asserted it only in her motion for new trial, we review only for a substantial risk of a miscarriage of justice. See Commonwealth v. Moses, 436 Mass. 598, 605 n.4 (2002) ; Commonwealth v. Bly, 444 Mass. 640, 647-651 (2005). As we reject the defendant's constitutional challenge, the standard of review makes no practical difference here.

The judge instructed the jury:
"A person can be found to have driven negligently even if no accident resulted, and even if there was no one else actually on the road to be put in danger. A person is negligent if she drives in a way that has the potential to cause an accident or to endanger anyone who might be on the road."