After a jury-waived trial in the District Court, the defendant, Ferdinand J. Pereira, was convicted of operating a motor vehicle while under the influence of intoxicating liquor.[2] He then moved for a new trial, which motion was denied. He now appeals from the judgment and from the order denying his second motion for new a trial. We affirm.
Background. The sole witness at trial was Officer David Allen of the Spencer police department. He testified as follows.
On September 3, 2014, at approximately 6:15 A.M. , Allen responded to 5 Ash Street where an automobile had crashed into a stone retaining wall; the defendant was seated in the automobile. Allen asked the defendant what had happened, and the defendant stated that he had fallen asleep on his drive home to Spencer from Worcester. Allen asked the defendant if he had consumed any alcohol before driving, and the defendant said that he had consumed "a couple of drinks" at around 11:30 P.M. the preceding evening. Allen said that the defendant was "unable to account" for the time period between 11:30 P.M. the previous evening and 6:15 A.M. that morning.
Allen observed that the defendant's eyes were "bloodshot and glassy." Allen characterized the defendant's speech as "slow and lethargic." Allen also smelled the odor of alcohol on the defendant's breath. When Allen asked the defendant how he ended up where he was, the defendant responded that he lives further down on Main Street, and he mistakenly turned onto Ash Street and hit the stone wall.
Allen then asked the defendant to perform two field sobriety tests. The first was the nine-step walk and turn. Allen stated that the defendant stepped off the line twice in the first series of nine steps and had to keep his arms fully raised to maintain his balance. Allen then administered the one-legged stand test. The instructions for that test were for the defendant to raise his foot and count to thirty, or until Allen told him to lower his foot. Allen stated that it took the defendant three attempts "to make it to the count of one." On his fourth time "he made it from two to seven and had to put his foot down again." Allen concluded that the defendant was unable to perform the test.
On the basis of his observations and the defendant's performance on the tests, Allen placed him under arrest for operating while under the influence of alcohol.
Discussion. The single issue that the defendant raises on appeal pertains to the denial of his motion for new trial. Specifically, he claims that his trial counsel was ineffective because he failed to seek to introduce in evidence a digital recording (DVD) that was taken at the time of the defendant's booking and then referred to it in closing argument.[3] The defendant claims that the DVD supports his claim that he was not intoxicated. After the arguments and before announcing his decision, the judge stated that she was "not going to be able to consider ... the DVD; it wasn't [introduced in] evidence."
In order to prevail on a claim for ineffective assistance of counsel, a defendant must show that (1) the "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer," and that it (2)"likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). "[T]here ought to be some showing that better work might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977). The motion judge was also the trial judge whose decision is afforded special deference. See Commonwealth v. DiBenedetto, 475 Mass. 429, 439-440 (2016). We review the denial of the motion for abuse of discretion. See Commonwealth v. Duart, 477 Mass. 630, 631 (2017).
The motion judge concluded that the defendant had failed to satisfy either prong of the Saferian test. She specifically found that the defendant did not show that "better work might have accomplished something material for the defense." Satterfield, supra. Assuming that counsel's failure to introduce the booking DVD video in evidence was an oversight that cannot be rationalized as a strategic decision, we conclude that the motion judge did not abuse her discretion in determining that the defendant failed to show that this omission prejudiced him.
The defense was that the Commonwealth failed to prove that the defendant was under the influence. The defendant presented this defense through his cross-examination of Officer Allen. With respect to booking, Allen testified that he did not have any difficulty understanding the defendant, that the defendant answered all questions appropriately, that the defendant was "compliant" with all requests, that the defendant did not need any assistance in getting up or sitting down, and that the defendant was cooperative, polite, and respectful. Thus, it appears that defense counsel was effective in being able to get the officer to agree to his characterization of the defendant during the booking process, even without introduction of the DVD.
Even if the defendant appeared not to be intoxicated in the booking DVD, that would not negate Allen's observations of him at the time of his arrest, his performance on the field sobriety tests, his admission to having had several drinks earlier in the evening, and the fact of the accident itself, which involved crashing into a retaining wall because the defendant misjudged the location of his destination. The defendant could not account for the time between his departure from the bar in Worcester and the officer's encounter with him in the morning. "[T]he Commonwealth need not prove that the defendant was drunk, only that alcohol diminished [his] ability to operate a motor vehicle safely." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).
The motion judge heard the evidence at trial. She was in the best position to assess the effect of defense counsel's failure to introduce the DVD in evidence. She did not abuse her discretion in finding no prejudice and denying the motion.
Judgment affirmed.
Order denying second motion for new trial affirmed.

Before trial, the defendant admitted to sufficient facts on a charge of negligent operation of a motor vehicle; that charge was continued without a finding for three months.

Before trial, the defendant moved to suppress evidence of the breath test that he took; that motion was allowed by the same judge who presided at trial and ruled on the motion for new trial. The booking DVD was introduced at the suppression hearing, but it was not made part of the record. The defendant did not append it to his motion for new trial. Therefore, the DVD is not part of the record now before us.