NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-316

COMMONWEALTH

vs.

RUBEN PINA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his convictions of armed assault with intent to murder, in violation of G. L. c. 265 § 18 (b); assault and battery by means of a dangerous weapon causing serious bodily injury, in violation of G. L. c. 265, § 15A (c) (1); commission of a felony while in possession of a firearm, in violation of G. L. c. 265, § 18B; carrying a firearm without a license, in violation of G. L. c. 269, § 10 (a); and possession of ammunition without a firearm identification card, in violation of G. L. c. 269, § 10 (h) (1). The defendant also appeals from the denial of his motion for a new trial, which was grounded in a claim of ineffective assistance of counsel. The appeals were consolidated. We affirm.

Discussion. 1. Evidentiary claim. The defendant argues that a police officer's testimony was improper because the

officer identified the defendant from photographs and video footage. Because there was no objection, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Randolph, 438 Mass. 290, 297 (2002) (where issue not preserved for appeal, court determines whether claimed error produced substantial risk of miscarriage of justice).

The general rule is that identification by a lay witness is admissible only "when the witness possesses sufficiently relevant familiarity with the defendant that the jury cannot also possess." Commonwealth v. Wardsworth, 482 Mass. 454, 475 (2019), quoting Commonwealth v. Vacher, 469 Mass. 425, 441 (2014). The testimony at issue by the officer was:

> "I compared the individual characteristics as well as clothing. I looked closely at the individuals, in particular the individual I believed to be Mr. Ruben Pena [sic]. I looked at the clothing. I observed the moose on the clothing. I observed at close look that there was a slight scar above his eyebrow, near the bridge of his nose. There was also a small mole on the side of his face, and I found that -- I observed that that was consistent with Mr. Pena [sic]."

The Commonwealth argues that the officer's testimony was not a direct identification of the defendant, but merely explained why the defendant was the target of the investigation. In this case, the testimony was especially relevant because prior to the police officer's testimony, the defendant had attacked the nature and quality of the police investigation. See Commonwealth v. Avila, 454 Mass. 744, 755 (2009) (where

2

defendant attacks police investigation, "the Commonwealth was entitled to elicit testimony about why the investigators chose the particular investigative path they did").

We need not decide whether the testimony was in fact an identification and admitted in error because the defendant has not shown that the testimony created a substantial risk of a miscarriage of justice. The jury had the ability themselves to view the video footage and the still photographs to determine whether the person in the video and pictures was in fact the defendant and whether he was present at the scene of the crime. See Commonwealth v. Grier, 490 Mass. 455, 477-478 (2022) ("Here, a single detective described what the still images at issue depicted, without at any point actually identifying the defendant as the individual seen in them . . . because the testimony likely had only a slight effect on the jury and thus did not substantially sway them, admitting the testimony was not prejudicial error").

2. Motion for new trial. In his motion for new trial, the defendant claimed his trial counsel was ineffective in two respects: (1) by failing to file a motion to suppress, and (2) by failing to question the officers about their illegal search of another individual's car. "[W]e review the denial of a motion for a new trial for 'a significant error of law or other abuse of discretion.'" Commonwealth v. Duart, 477 Mass. 630,

634 (2017), cert. denied, 138 S. Ct. 1561 (2018), quoting Commonwealth v. Forte, 469 Mass. 469, 488 (2014). To establish a claim of ineffective assistance of counsel, a defendant must show both that trial counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and that the defendant was consequently deprived "of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

a. Failure to file a motion to suppress. The firearm at the root of the charges was recovered during a search of another individual's motor vehicle when the defendant was not present. See Pina v. Commonwealth, 491 Mass. 1020, 1020 (2023). In the case against the other individual, all the evidence of the search of that motor vehicle was suppressed on the basis that it had been illegally seized, and the Commonwealth nolle prossed the charges against the individual. In this case, trial counsel did not file a motion to suppress the evidence found in the other individual's motor vehicle, and evidence regarding the firearm was introduced against the defendant.

Where an ineffective assistance of counsel claim involves counsel's failure to file a motion to suppress, "the defendant must demonstrate that the evidence would have been suppressed if properly challenged." Commonwealth v. Cavitt, 460 Mass. 617, 626 (2011). "[A] defendant contesting a search or seizure will

4

need to show his or her own reasonable expectation of privacy in the place searched." Commonwealth v. DeJesus, 489 Mass. 292, 296 (2022). The defendant had no expectation of privacy in the other individual's motor vehicle as he was not present at the time of the search and had no connection to the motor vehicle.[1] Since a motion to suppress would have been unsuccessful, trial counsel was not ineffective for failing to file one.

b. Failure to cross-examine the officers. "We have applied a stringent standard of review to claims of ineffective assistance because of failure to impeach a witness." Commonwealth v Jenkins, 458 Mass. 791, 805 (2011). In general, the mere failure to impeach a witness does not constitute ineffective assistance of counsel. See Commonwealth v. Fisher, 433 Mass. 340, 357 (2001). Unless counsel failed "to pursue some obviously powerful form of impeachment . . . it is speculative to conclude that a different approach . . . would likely have affected the jury's conclusion." Commonwealth v. Knight, 437 Mass. 487, 502 (2002), quoting Fisher, supra.

---

[1] "In one limited situation, however, a defendant may rely on another's reasonable expectation of privacy: where the defendant has been charged with possessing contraband at the time of the search and, also at the time of the search, the property was in the actual possession of a codefendant or in a place where the codefendant had a reasonable expectation of privacy, the defendant may assert the same reasonable expectation of privacy as the codefendant." DeJesus, 489 Mass. at 296-297. That limited situation is not applicable to this case.

Putting aside whether counsel could permissibly have questioned the officers about whether the search of the other individual's car was unlawful, the defendant has failed to demonstrate with reasoned argument, as opposed to conclusory assertions, how such a cross-examination would have undermined the evidence against the defendant or otherwise affected the jury verdict.  We therefore discern no abuse of discretion or error of law in the motion judge's determination that the defendant failed to meet his burden of establishing that his trial counsel provided ineffective assistance or that he was prejudiced as a result.[2]

Judgments affirmed.

Order denying motion for new
     trial affirmed.

By the Court (Massing,
     Hershfang & D'Angelo, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  March 16, 2023.

---

[2] The Commonwealth and the defendant agree that the case should be remanded for reconstruction of a missing portion of the impounded transcript regarding the discharging of a juror. There is no suggestion or indication that the missing transcript pages have any relevance to the issues raised in this appeal. Where we are affirming in full the judgments and the order referenced in the defendant's notices of appeal, a remand would be inappropriate.  However, the defendant is free to pursue, in the trial court, reconstruction of the transcript and any claims, not previously available, that such reconstruction might suggest.

[3] The panelists are listed in order of seniority.