NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-517

COMMONWEALTH

vs.

JOHN CASSIDY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial in the Superior Court, the defendant was convicted of four counts of unlawful possession of a large capacity feeding device, in violation of G. L. c. 269, § 10 (m); one count of unlawful possession of a large capacity firearm, in violation of G. L. c. 269, § 10 (m); one count of unlawful possession of an assault weapon, in violation of G. L. c. 140, § 131M; and one count of unlawful possession of ammunition, in violation of G. L. c. 269, § 10 (h) (1). His convictions were affirmed by a panel of this court. See Commonwealth v. Cassidy, 91 Mass. App. Ct. 1109 (2017). The Supreme Judicial Court granted further appellate review and ultimately affirmed his convictions. See Commonwealth v. Cassidy, 479 Mass. 527 (2018) (Cassidy I). The defendant filed a petition for writ of certiorari in the United States Supreme Court, which was denied

on October 5, 2018.  See Cassidy v. Massachusetts, 139 S. Ct. 276 (2018).

The defendant subsequently filed a motion in the Superior Court entitled "pro se defendant's motion for clarification and ruling."  A Superior Court judge denied the motion, and the defendant appealed.  While recognizing that the defendant's motion was procedurally defective, a panel of this court treated it as one for a new trial and affirmed the Superior Court judge's order.  See Commonwealth v. Cassidy, 100 Mass. App. Ct. 1119 (2022) (Cassidy II).  The defendant again exhausted all rights of appeal from the order.  See Commonwealth v. Cassidy, 489 Mass. 1102 (2022).  See also Cassidy v. Massachusetts, 142 S. Ct. 2712 (2022).

This appeal stems from the denial of the defendant's most recent motion for a new trial, which he filed after the Supreme Court's decision in New York State Rifle & Pistol Ass'n. v. Bruen, 142 S. Ct. 2111 (2022) (Bruen).  The Commonwealth argued that Bruen did not affect Cassidy's claims of error because its holding did not speak to states' authority to require firearm licenses, maintain licensing schemes, or place restrictions on certain types of firearms.  Therefore, the Commonwealth maintained, whatever the effect of Bruen on District of Columbia v. Heller, 554 U.S. 570 (2008), it did not undermine Cassidy I's historical analysis of Massachusetts's firearms laws regulating

2

"dangerous and unusual weapons" such as assault weapons and large capacity firearms.  The Commonwealth also directed the defendant to Texas, where he now resides, to raise his claim that his rights are being violated because his Massachusetts felony convictions limit his right to own firearms there.  A Superior Court judge (motion judge) agreed with the Commonwealth, denied the motion "for the reasons stated in the Commonwealth's opposition," and denied the defendant's request for additional time to respond to the Commonwealth's opposition, filed on the same day as the motion judge's ruling.  The defendant nevertheless filed a response to the Commonwealth's opposition to his motion for a new trial.  The motion judge, "[a]fter review and consideration," again denied the motion for a new trial.

We discern no abuse of discretion in the motion judge's denial of the motion for a new trial at issue in this appeal. See Commonwealth v. Duart, 477 Mass. 630, 636 (2017).  The defendant's current appeal merely reiterates his arguments in Cassidy II.  He acknowledged as much during oral argument.  To the extent the defendant's current brief recasts, in light of Bruen, components of arguments he made in his previous appeals as challenges under Bruen, the effort is not persuasive.  To the extent the defendant contends "the Second Amendment [was] [his] license [to carry firearms]," he offered the motion judge no

3

tenable legal support for his position, and we are aware of none.  Finally, even assuming that he was correct that the Supreme Judicial Court incorrectly determined that assault weapons are properly considered "dangerous and unusual weapons" subject to regulation under Massachusetts law, a conclusion we do not draw, we reiterate that "we are without power to reverse or modify a decision of the Supreme Judicial Court, something that the defendant acknowledges."  Cassidy II, 100 Mass. App. Ct. at 1119.

Order entered March 23, 2023, denying motion for new trial affirmed.

By the Court (Hand, Hershfang & Brennan, JJ.[1]),

Assistant Clerk

Entered:  March 4, 2024.

---

[1] The panelists are listed in order of seniority.

4