NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1409

COMMONWEALTH

vs.

STEVEN F. BARRY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Nearly forty-three years after pleading guilty on three complaints for larceny, the defendant, Steven F. Barry, filed a motion to vacate his pleas and be granted a new trial.  A District Court judge denied the motion.  The defendant appeals, arguing that his motion and supporting affidavits demonstrated that his attorney (plea counsel) was ineffective for advising him to speak to a police officer.  We affirm.

Background.  We draw the facts from those found by the motion judge based on the scant record available.  Due to the age of this case, court records (including the complaint, the original docket, and the audio recording of the plea) are no

longer available.[1]  In addition to the defendant's affidavit in support of his motion, the judge considered a Marlborough police report and arrest report and the defendant's criminal record.

In August 1981, the defendant consulted plea counsel. According to the defendant's affidavit, plea counsel advised the defendant to speak to the police, and that if he told the police "the truth, there would be no conviction and the case would go away."

The police report documents that in August 1981, Marlborough police Officer Arthur C. Brodeur met with the defendant and plea counsel at plea counsel's office.[2]  After waiving his Miranda rights, the defendant told Officer Brodeur that he was "an alcoholic."  The defendant reported that he had started drinking "a couple of months" earlier and, in late July, he had stolen checks from a home in Marlborough.  The defendant admitted to the police officer that he had cashed up to eleven checks in amounts ranging from $45 to $500.  The arrest report reflects that the defendant was arrested and booked on two

---

[1] The record does contain a newer docket, documenting events that transpired beginning in 2024.

[2] The police report is somewhat ambiguous about the date of the meeting, and could be read as stating that it took place on August 4, fifteen days before the plea, rather than on the day of the plea, as the defendant's brief represents.  Resolution of that ambiguity is unnecessary to our analysis.

counts of larceny of property valued at more than one hundred dollars and one count of larceny of property valued at one hundred dollars or less, in violation of G. L. c. 266, § 30, St. 1977, c. 979, § 3.[3]

On August 19, 1981, the defendant pleaded guilty and was sentenced to a term of probation and ordered to make restitution.

In March 2024, the defendant filed a motion seeking to vacate his pleas and be granted a new trial.[4]  The motion was supported by his own affidavit averring that plea counsel advised him to "come clean" to Officer Brodeur, and that "[i]t was my understanding that if I told the Officer the truth, there would be no conviction and the case would go away once I paid the money back and got sober."  The motion was also supported by 2024 affidavits of two attorneys, each stating that he "never" would have advised a client to speak to police in the circumstances reflected in the police report.

---

[3] The typewritten arrest report states that the defendant was arrested on "8/19/81" and booked on "8/18/81."  We infer that one of those dates was a typographical error, because the defendant could not have been booked before he was arrested. The discrepancy is immaterial to our analysis.

[4] In his motion the defendant requested an evidentiary hearing.  He does not press this issue on appeal, and so we do not reach it.

At a hearing on the motion, the motion judge pointed out that it was the defendant's burden "to prove that the [plea] wasn't knowing, voluntary, and intelligent," but he had not presented any evidence of "what happened during the plea." The motion judge denied the motion. The present appeal followed.

Discussion. A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), and may be allowed if "it appears that justice may not have been done." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). See Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992). A judge should allow a postsentence motion to withdraw a plea only if "the defendant comes forward with a credible reason which outweighs the risk of prejudice to the Commonwealth" (citation omitted). Commonwealth v. Roberts, 472 Mass. 355, 360 (2015). We review the denial of a motion for a new trial for "a significant error of law or other abuse of discretion" (citation omitted). Commonwealth v. Duart, 477 Mass. 630, 634 (2017), cert. denied, 584 U.S. 938 (2018). Under the abuse of discretion standard, "the issue is whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives.'" Commonwealth v.

Kolenovic, 471 Mass. 664, 672 (2015), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The defendant argues that plea counsel was ineffective for advising him to speak to Officer Brodeur and thus deprived him of his constitutional right to counsel. We assume, without deciding, that the defendant's right to counsel attached during the interview. To establish that plea counsel's ineffectiveness entitled the defendant to a new trial, he was required to show that (1) plea counsel's performance fell below the standard of an ordinary, fallible lawyer; and (2) plea counsel's shortcomings deprived the defendant of an otherwise available, substantial ground of defense. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See also Commonwealth v. Poum, 496 Mass. 267, 285 (2025); Fanelli, 412 Mass. at 504.

On the first Saferian prong, the motion judge concluded that the defendant had not "overcome the strong presumption that . . . the actions of 1981 [plea] counsel were sound trial strategy." The motion judge was not required to credit the defendant's own self-serving affidavit about the interview. See Commonwealth v. Bolton, 92 Mass. App. Ct. 469, 475 (2017) (judge is free to reject self-serving affidavits offered by defendant in support of new trial). The motion judge declined the defendant's request to measure plea counsel's performance by "what legal advice would be appropriate" in 2024, and instead

5

evaluated it from plea counsel's "perspective at the time" in 1981. See Commonwealth v. Velez, 487 Mass. 533, 540 (2021) (judge evaluating plea counsel's advice should attempt "to eliminate the distorting effects of hindsight" [citation omitted]).

Even if we were to credit the defendant's claims that plea counsel's advice at the interview fell below the standard of an ordinary, fallible lawyer, the defendant's claim fails as to the second Saferian prong. The defendant has not shown that plea counsel's advice deprived him of an otherwise available, substantial ground of defense, because he has not met his burden to show that his pleas were not knowing, voluntary, and intelligent. The defendant's affidavit says nothing about the plea hearing, and he told the motion judge that he had no memory of what occurred at it. Absent any showing at all that the defendant's pleas were not knowing, voluntary, and intelligent, the motion judge did not err in denying the motion. Cf. Commonwealth v. Furr, 454 Mass. 101, 109 (2009) (judge permitted to disbelieve defendant's self-serving affidavit that he did not understand charges to which he pleaded guilty). As the motion judge noted, the defendant's inability to meet his burden of proof was based in part on his own failure to come forward with his claim for more than four decades. See Commonwealth v. Haskell, 76 Mass. App. Ct. 284, 293 (2010) (lack of record to

6

support motion for new trial resulted from defendant's dilatoriness in waiting twenty years after plea to file motion).

In these circumstances, we conclude that the motion judge did not err or abuse her discretion in denying the motion to vacate the pleas and for a new trial.

<u>Order dated June 24, 2024, denying motion for new trial, affirmed</u>.

By the Court (Shin, Grant & Hershfang, JJ.[5]),

Clerk

Entered:  October 8, 2025.

---

[5] The panelists are listed in order of seniority.